IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DAYANA ITATI RIVERA GUZMAN, *by and through her father and next friend, Patrick Rivera, et al.*, Plaintiffs, | |
| v. | Civil Action No. 3:25CV338 (RCY) |
| UNITED STATES DEPARTMENT OF STATE, *et al.*, Defendants. | |

**MEMORANDUM ORDER**

This matter is before the Court on its own initiative for a review of the jurisdictional allegations in the Complaint. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative.").

Plaintiffs in this matter are Patrick Rivera, a United States citizen, and his seven children, all of whom are proceeding "by and through their father and next friend, Patrick Rivera." Mr. Rivera (and, by extension, his children) are proceeding *pro se*. Plaintiffs' Complaint seeks two forms of relief: (1) injunctive relief compelling Defendants to issue passports to Mr. Rivera's children; and (2) declaratory relief affirming Mr. Rivera's children's American citizenship. Notably, nothing in the Complaint alleges a violation of Mr. Rivera's rights or requests relief on behalf of Mr. Rivera.

*Pro se* litigants cannot bring claims as next friends, even on behalf of minor children. *Myers v. Loudon Cnty. Public Schs.*, 418 F.3d 395, 400–01 (4th Cir. 2005); *Sirleaf v. Mikeljohn*, 2019 WL 2251705, at *8 (E.D. Va. May 24, 2019). It is unquestioned that Mr. Rivera has the

authority to *assert* the claim(s) of his minor[1] children. *Myers*, 418 F.3d at 400. It is equally unquestioned that Plaintiff may litigate his own claims *pro se*. *Id.*; *see also United States v. Lawrence*, 605 F.2d 1321, 1324 (4th Cir. 1979) ("[A] [litigant] in federal court has long been guaranteed the right to self representation . . . ."). "The right to litigate for oneself, however, does not create a coordinate right to litigate for *others*." *Myers*, 418 F.3d at 400 (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). This rule "protects the rights of those before the court," *id.*, while preventing the *pro se* litigant from "risk[ing] the rights of others," *Oxendine*, 509 F.2d at 1407. It further "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers*, 418 F.3d at 400 (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998), for the proposition that "[r]equiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims."). Accordingly, it is well-settled that "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Id.* at 401 (leaving open the possibility of a narrow carve-out for *pro se* parents litigating appeals from the denial of social security benefits). Mr. Rivera was previously informed of these principles, by this very Court, both in-person at a hearing and by way of written order. *E.g.*, Mem. Order, *Gil v. Exec. Off. Immigr. Rev.*, Civil Case No. 3:25CV97 (issued Apr. 28, 2025), ECF No. 25.

Based on the foregoing, Mr. Rivera does not have the authority to litigate his children's claims. *Myers*, 418 F.3d at 400. Accordingly, the Court *sua sponte* DISMISSES WITHOUT PREJUDICE any claims purportedly brought on behalf of Mr. Rivera's children, and ORDERS that Mr. Rivera be construed as the sole Plaintiff in this action. *See id.*; *Sirleaf*, 2019 WL 2251705, at *8.

---

[1] Whether or not Plaintiff qualifies as an appropriate next friend with respect to his adult children is a different, jurisdictional question. *See Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)) (listing traditional prerequisites to qualify for next friend standing); *id.* at 607 ("The question of next friend standing is not merely technical . . . . Rather, it is jurisdictional and thus fundamental."). Nevertheless, such question is a moot point because the fact remains that, as a *pro se* litigant, Mr. Rivera cannot represent the absent parties' interests. *Myers*, 418 F.3d at 400.

With only Mr. Rivera as the ostensible Plaintiff, however, the case is unable to proceed. As previously noted, the Complaint fails to state any claim for relief in vindication of Mr. Rivera's own rights.[2] Therefore, absent any actual case or controversy before it, the Court DISMISSES the action in its entirety. *See Whitmore*, 495 U.S. at 155–56 ("A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.").

The Court does not grant leave to amend, rendering this Order final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that an order dismissing a case without leave to amend is final and appealable). Should Plaintiff desire to appeal, a written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the ability to appeal.

This case is now CLOSED. The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to Mr. Patrick Rivera, who is proceeding *pro se*.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: June 9, 2025
Richmond, Virginia

[2] Mr. Rivera cites *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522–24 (2007), in an effort to establish his standing. Mem. on Likelihood of Success on Merits 2, ECF No. 13. In *Winkleman*, the Supreme Court determined that the *pro se* parent-plaintiffs could proceed with a claim originally filed on their own behalf and as next friends on behalf of their son pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, finding that the IDEA scheme "accord[s] parents independent, enforceable rights." 550 U.S. at 526, 533. In light of this holding, though, the Supreme Court explicitly declined to reach the alternative argument "concern[ing] whether IDEA entitles parents to litigate their child's claims *pro se*." *Id.* at 535. In other words, the Supreme Court left intact "the common-law rule prohibiting nonlawyer parents from representing minor children." *Id.* at 522; *id.* at 536 n.1 (Scalia, J., dissenting). Because the present case does not involve IDEA claims, and because *Winkelman* specifically declined to expand parental rights with respect to representing children's claims *pro se*, the Court is not persuaded that *Winkelman* controls its analysis in any way.